**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

In re:                                                          Case No.: 25-02270-JAW

Jerico DeWayne Cousin and Taylor Nichole Eldridge,     Chapter: 13

         Debtors.

**OBJECTION OF EXETER FINANCE LLC TO**
**CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

      EXETER FINANCE LLC ("Movant"), a secured creditor herein, by and through its undersigned attorney, files its objection to confirmation of the proposed plan and states as follows:

      1.       On September 11, 2025, Jerico DeWayne Cousin and Taylor Nichole Eldridge (the "Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

      2.       This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 1324.

      3.       On Aprilk 21, 2025, Debtor Jerico DeWayne Cousin executed and delivered that certain Retail Installment Sale Contract (the "Note"), which was assigned to MOVANT, for the purchase of 2017 Nissan Titan bearing Vehicle Identification Number 1N6AA1EJ4HN569020 (the "'Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

      4.       In order to secure its purchase money security interest evidenced by the Note, Movant recorded its lien by notating the Title (the "Title"), a true and correct copy of which is attached hereto as **Exhibit "B."**

      5.       On September 11, 2025, the Debtors filed a Chapter 13 Plan (Dkt. 2) (the "Plan").

2

6. Movant has a secured 910 claim in the amount of $17,855.74, filed in this matter as Claim 3-1 ("MOVANT'S CLAIM").

7. The Plan calls to properly value Movant's 910 claim, with the claim amount listed in MOVANT's Proof Claim controlling over any contrary amount listed in Debtors' Plan, but fails to provide for the proper treatment of Movant's Claim based on the fact that the Plan does not provide adequate assurance of lien retention as to the Collateral.

8. The Plan has not been accepted by Movant pursuant to 11 U.S.C. § 1325(a)(5)(A).

9. Movant demands that the Plan be amended to include the following language: "Exeter Finance, LLC's lien shall be retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 1328."

WHEREFORE, Movant requests this Court to deny confirmation of the Plan and for such further relief as this Court deems appropriate.

Dated this 26th day of September, 2025.

*/s/ Christopher D. Meyer*
Christopher D. Meyer, Esq. (MSB 103467)
*Attorney for Exeter Finance LLC*

OF COUNSEL:
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cmeyer@burr.com

## **CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a copy of the foregoing has been served on this 26th day of September, 2025, either by electronic transmission or by United States first class mail postage prepaid to the following:

**Debtors:**
Jerico DeWayne Cousin
P.O. Box 176
Star, MS 39167

Taylor Nichole Eldridge
P.O. Box 176
Star, MS 39167

**Counsel for the Debtors:**
Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236

**Trustee:**
Harold J. Barkley, Jr.
P.O. Box 4476
Jackson, MS 39296-4476

**U.S. Trustee:**
U. S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201

                                                */s/ Christopher D. Meyer*
                                                OF COUNSEL